Cite as 2024 Ark. App. 398

# ARKANSAS COURT OF APPEALS
## DIVISION II
**No.** CR-23-828

| | | |
|---|---|---|
| DENNIS C. KEETH | | **Opinion Delivered** September 4, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [No. 30CR-17-299] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; SENTENCING ORDER CORRECTED |

## BRANDON J. HARRISON, Chief Judge

Dennis Keeth appeals a finding that he was $70 behind paying his supervision fees when the court revoked his probation for violating four conditions of release. At the revocation hearing, Keeth admitted that he had repeatedly violated three conditions, including by committing new offenses punishable by imprisonment. He disputed an allegation that delinquent supervision fees (and other alleged conduct) violated a fourth condition. The circuit court found the State proved that violation too, and ordered Keeth to pay the $70 on release from custody. But Keeth's probation officer, the only witness, said that Keeth was paid up. Keeth was the opposite of behind, because he had paid $70 *ahead* of what he owed. So the finding that Keeth remained delinquent was an error, and we modify the revocation sentencing order to remove the note "DEF. STILL OWES $70 SUPERVISION FEES." We do not address whether this undermined the finding that

Keeth violated the related condition of probation because it wouldn't change the outcome. The circuit court's decision relied on all four violations. Even one of the three violations Keeth admitted, and has not tried to appeal, would sustain the revocation. *E.g.*, *Johnson v. State*, 2023 Ark. App. 509, 679 S.W.3d 444.

We note that deciding this appeal was made easier by the completeness of the record in the circuit court. This point is worth mentioning given some recent cases in which a poor revocation-related record in the circuit court and on appeal spawned remands and, therefore, delays. *Casey v. State*, 2024 Ark. App. 362; *Washington v. State*, 2024 Ark. App. 268. The record in this case includes Keeth's written plea agreement, the court's handwritten notes from the plea hearing, and an order with written conditions of probation, including a requirement to pay the court-ordered financial obligations on a particular schedule. Keeth signed acknowledging receipt of the order, and initialed each condition. The court promptly entered an accompanying sentencing order in the form prescribed by the Administrative Office of the Courts, as Ark. Sup. Ct. Admin. Order No. 8(I)(a) and (III)(d) requires. When the State petitioned to revoke, the court approved a bench warrant that specified Keeth should be arrested for violating a condition of suspension or probation in case number 30CR-17-299. The record includes a file-marked return of service for the warrant. Finally, Keeth designated the entire record for appeal, and the appellate record seems to include it—including brief but potentially important transcripts of proceedings before the revocation hearing where Keeth's arrest and the status of the case were discussed. Complete and clear records help everyone facilitate the efficient administration of justice.

Affirmed; sentencing order corrected.

ABRAMSON, J., agrees.

BARRETT, J., concurs.

*Gregory Crain*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.